## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.: BK26-40073 |
| LAZY T TIRE & IMPLEMENT, LLC ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |

**MOTION FOR APPROVAL OF
STIPULATIONS (26-40060, Doc 80-1 and 26-40060, Doc 107)
FOR RELIEF FROM AUTOMATIC STAY (26-40060, Doc 67)
AND
MOTION FOR CONFIRMATORY ORDER THAT
THE AUTOMATIC STAY IS LIFTED PER 11 USC 362(e)(1)**

COMES NOW Brunswick State Bank (the "Bank"), by and through its attorney, James P. Meuret, and respectfully applies to this Court for approval of the Stipulations for Relief from Automatic Stay (the "Stipulation") filed at 26-40060 Doc 80-1 (between Debtors and Bank) and 26-40060 Doc 107 (between NorthPoint Commercial Finance and Bank), thereby granting Bank relief from the stay (26-40060, Doc 67).

In support thereof, the Bank shows as follows:

### BACKGROUND

1. On January 23, 2026, Lazy T Tire & Implement, LLC filed for Chapter 11 bankruptcy.
2. On February 3, 2026, Debtor, along with related Debtors Timothy Twibell, Marcy Twibell, and Lazy T Firearms, LLC filed motions for joint administration (Doc 47) and motion to use cash collateral (Doc 50).
3. On February 9, 2026, the Court granted the motion for joint administration. 26-40060, Doc 65.
4. On February 10, 2026, Bank filed a Motion for Relief from the Automatic Stay (26-40060 Doc 67) and Motion to Dismiss (26-40060 Doc 66).

5. On February 11, 2026, this Court entered an order setting an objection date and hearing on the Motion for Relief from Stay for March 9, 2026 at 11:00AM.
6. On February 12, 2026, the Court entered an order denying Debtor's emergency motion for an order authorizing the use of cash collateral. 26-40060 Doc 72. Relatedly, there has never been any adequate protection given to Bank prior to or after the institution of these bankruptcy proceedings.
7. The Motion for Relief from Stay was served on all parties entitled to notice under Fed. R. Bankr. P. 4001(a) and (d), including the Debtor, Debtor's counsel, the United States Trustee, the Subchapter V Trustee, and the entire matrix (as modified by omitting Bank as the moving party) for each of the three then-jointly administered cases. 26-40060 Doc 71.
8. On February 18, 2026, the Debtor filed a Motion to Convert these cases from Chapter 11, Subchapter V, to Chapter 7 of the Bankruptcy Code. Doc 74. That motion was denied through text order, and on February 20, 2026, Debtor filed a second Motion to Convert. 26-40060 Doc 78.
9. NorthPoint Commercial Finance, LLC was the only party to file an objection to Bank's Motion for Relief from Stay. 26-40060 Doc 93.
10. After NorthPoint's objection, Bank and NorthPoint negotiated a stipulation and filed it with the Court. 26-40060 Doc 107.
11. Debtor separately negotiated and executed a stipulation with Bank agreeing to relief from the stay. 26-40060 Doc 80-1.
12. There were no other objections filed to Bank's Motion for Relief from Stay in any of the jointly administered cases, notwithstanding notice thereof to all parties with any interest as reported by Debtor's matrix and each of the related debtors' matrixes.
13. At the March 9, 2026 hearing on Bank's Motion for Relief from Stay, the Court deferred ruling on Bank's Motion for Relief from Stay, pending the conversion of the cases to Chapter 7. This order was memorialized in a text order on March 10, 2026 at 26-40060 Doc 111.

14. The Court's order at 26-40060 Doc 111 includes direction that creditors "should seek approval of the stipulation (Doc 107) from the to-be-appointed Chapter 7 Trustee or if the trustee does not approve, the parties should file a motion for approval."
15. Mr. Phil Kelly has been appointed Chapter 7 Trustee for this case and the related cases.
16. Bank reached out to Mr. Kelly. Mr. Kelly is out of the office until March 19, 2026.

## BASIS FOR APPROVAL

17. Under Local Rule 9019-1(B), "a settlement providing for relief from the automatic stay […] is not enforceable unless it is approved by the Court after notice and hearing under Fed. R. Bankr. P. 4001(d)."
18. The Motion for Relief was served on all parties entitled to notice, including the Debtors, Debtors' counsel, the United States Trustee, and the Subchapter V Trustee, as well as the entire court matrix in each of the three separate cases (as modified and shown in the Certificate of Service). Doc 71.
19. Mr. Kelly is out of the office until March 19, 2026, further delaying Bank's ability to protect itself through protecting collateral.  To be clear, Bank certainly does not begrudge Mr. Kelly's absence; Bank is simply caught between the stay order and his absence. Obviously, no party could have reasonably foreseen Mr. Kelly's absence causing a delay at the institution of this Chapter 11, now Chapter 7 case.
20. The Subchapter V Trustee and the United States Trustee each had "no objection" to Bank's original relief from stay sought herein.
21. To the best of Bank's knowledge and belief, it has followed the rules in filing and serving the Motion for Relief.
22. Bank desires to move this matter forward to mitigate continued dissipation and depreciation of Debtors' assets, which directly impacts Bank's recovery.

23. Under §362(e)(1), the automatic stay terminates thirty days after a request for relief is filed unless the court orders the stay continued. The only bases for continuation are: (1) a finding that the party opposing relief is reasonably likely to prevail; (2) consent of the parties to extend the 30-day period; or (3) a court finding that compelling circumstances require extension for a specific time. None of those conditions are met here. Debtors stipulated, NorthPoint resolved its objection by stipulation, and the UST and Subchapter V Trustee had no objection.

24. Bank's Motion for Relief was filed February 10, 2026.  Thirty days after February 10, 2026 is March 12, 2026.  This Motion is being filed March 13, 2026.

25. Bank has followed the Court's directive to reach out to Mr. Kelly and seek to obtain consent, but Mr. Kelly is apparently gone until March 19. It seems reasonable to assume that Mr. Kelly may need additional time after his return to review the case before he can take a position on the Stipulation. In the interim, Bank's collateral (including but not limited to inventory, equipment, and receivables of a dealership that has ceased operating) continues to depreciate in value with each passing day. No adequate protection has been provided at any time during these proceedings. Further delay directly and irreparably prejudices Bank's recovery.

26. Additionally, the conversion of these cases to Chapter 7 does not reset the §362(e)(1) clock. Under §348(a), conversion constitutes an order for relief under the new chapter but does not create a new case, and pre-conversion proceedings retain their validity.

27. As a result of:  a) §362(e)(1), b) Bank's compliance with the rules regarding Motion for Relief from Stay, c) the resolution of NorthPoint's objection, d) Mr. Kelly's absence, and e) good faith compliance with this Court's order found at 26-40060 Doc 111, Bank now expressly requests an order approving the stipulations, granting relief from stay and/or confirming under §362(e) that the stay is no longer in effect.

28. Finally, Bank's Motion for Relief (26-40060 Doc 67) was previously noticed and served on all parties entitled to notice under §4001(a) in all three jointly administered cases (Doc. #71). Bank respectfully requests that no additional notice be required, as no new relief is sought; Bank seeks only approval of stipulations resolving matters already before the Court. For Bank to have to re-notice this motion would simply add further delays, when the operation of the totality of the above circumstances appears to allow relief, which the Bank respectfully requests this Court grant.

WHEREFORE, Brunswick State Bank respectfully requests that this Court approve the Stipulations for Relief from Automatic Stay (26-40060 Doc 80-1 and 26-40060 Doc 107) and grant Bank's Motion for Relief from Stay (26-40060 Doc 67), and issue an order confirming that under §362(e)(1), that the stay is lifted, and that no further motion or hearing is required, notice having previously been given with no remaining opposition.

BRUNSWICK STATE BANK,

By:    /s/James P. Meuret
James P. Meuret, #23666
PO Box 429
Brunswick, NE 68720
jamesmeuret@gmail.com
402-518-3016

## CERTIFICATE OF SERVICE

I certify that on March 13, 2026, the foregoing Motion was filed with the Clerk of Bankruptcy Court using the CM/ECF system. I further certify that on the same date, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, to the following parties not listed on the matrix:
None.

   /s/James P. Meuret